Filed In Open Court
10-30-14
2:15 p.m.
MKnep

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No.: 2:12-CR-20213-JPM |
| ) | |
| vs. ) | |
| ) | |
| LARON MATLOCK, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the following constitutes the Plea Agreement reached between the United States of America, represented by Edward L. Stanton III, United States Attorney for the Western District of Tennessee, Brian Coleman, Assistant United States Attorney, Mi Yung Claire Park, U.S. Department of Justice Child Exploitation & Obscenity Section and the defendant, Laron Matlock, represented by Michael Scholl, defense counsel. The terms of the agreement are as follows:

**1.    Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count Two of the indictment charging him with Sex Trafficking and Attempted Sex Trafficking of a Child, in violation of Title 18, United States Code, Sections 1591(a), 1594(a) and 2. The maximum penalties for this offense are life imprisonment, a fine of $250,000, full restitution, a $100 special assessment, and supervised release for life (with a mandatory minimum term of five (5) years). The defendant understands that this supervised release term is in addition to any term of imprisonment imposed, and that a

violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Assistance and Advice of Counsel**

LARON MATLOCK is satisfied that his attorney, Michael Scholl, has rendered effective assistance and he has no objection to the legal representation he has received. LARON MATLOCK understands that by entering into this agreement, he surrenders certain rights including, the right to plead not guilty, the right to a jury trial, the right to be represented by counsel, the right to compel the Government to prove his guilt beyond a reasonable doubt, the right to be protected from compelled self-incrimination, the right to testify and present evidence, the right to compel the attendance of witnesses, the right to confront and cross-examine witnesses against him, and other constitutional rights which apply to a defendant on trial in a criminal case. Acknowledging this, LARON MATLOCK knowingly waives and gives up his constitutional rights as provided herein and any other constitutional rights which apply to a defendant on trial in a criminal case.

3. **Role of the United States**

(a) Given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose the defendant receiving acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1. LARON MATLOCK understands that if the United States receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, LARON MATLOCK understands that whether or not

acceptance of responsibility credit pursuant to § 3E1.1 is granted is a matter to be determined by the District Court. Failure of the District Court to grant acceptance of responsibility credit is not a basis for him to withdraw his guilty plea.

(b) The United States agrees to dismiss any remaining counts of the indictment against the defendant at the appropriate time.

(c) Pursuant to this agreement, both the United States and LARON MATLOCK agree that a sentence within the mandatory minimum of 120 months or 10 years and a cap of 180 months or 15 years imprisonment is appropriate in this case. The United States agrees not to oppose the sentence in this case running concurrently with any other undischarged term of imprisonment in Tennessee State Court. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), LARON MATLOCK may withdraw his guilty plea should the Court impose a sentence other than the recommended term of imprisonment.

4. **Waiver of Appeal**

(a) LARON MATLOCK understands that Title 18, United States Code, Section 3742, gives him the right to appeal the sentence imposed by the Court. Acknowledging this, LARON MATLOCK knowingly and voluntarily waives his right to appeal any sentence imposed by the district court and the manner in which the sentence is determined so long as the sentence is within the mandatory minimum of 120 months or 10 years and a cap of 180 months or 15 years imprisonment. This waiver is made in exchange for the concessions made by the United States in this plea agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

5. **Waiver of Federal Rule of Evidence 410**

LARON MATLOCK understands that any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. As such, LARON MATLOCK knowingly, intelligently and voluntarily waives any objection based on Federal Rule of Evidence 410.

6. **Defendant's Representations**

(a) LARON MATLOCK agrees that he is pleading guilty because he is in fact guilty of the offense charged in Count Two of the Indictment. Knowing the elements and burden of proof, LARON MATLOCK hereby agrees that he is guilty.

(b) LARON MATLOCK understands that any attempt by him to withdraw his plea of guilty will be considered a breach of this plea agreement, and upon such breach the United States will be relieved of all obligations and restrictions imposed by the terms of this agreement.

(c) LARON MATLOCK agrees to forfeit all right, title and interest in the following property to the United States to be disposed of in accordance with law:

    i. Any visual depiction involving the use of a minor engaging in sexually explicit conduct as defined in 18 United States Code, Section 2256(2)(B)

    ii. Any property, real or personal, constituting or traceable to gross profits of other proceeds obtained from the criminal offenses named in indictment 2:12-cr-20213.

    iii. Any property, real or personal, used or intended to be used to commit or to promote the commission of the criminal offenses named in indictment 2:12-cr-20213.

LARON MATLOCK agrees to release and hold harmless the United States, its agents and employees, from any and all claims arising from the criminal forfeiture proceedings against the released property under the terms of this agreement, including, but not limited to, claims for

interest, attorney's fees, and claims arising from damage to, or diminution in value of, the released property.

(e) LARON MATLOCK understands and agrees that a $100 special assessment is due and payable to the United States District Court Clerk's office immediately following his sentencing.

(f) LARON MATLOCK agrees that this plea agreement constitutes the entire agreement between himself and the United States and that no threats have been made to induce him to plead guilty. By signing this document, LARON MATLOCK acknowledges that he has read this agreement, has discussed it with his attorney and understands it. Finally, LARON MATLOCK acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:

EDWARD L. STANTON III
UNITED STATES ATTORNEY

Brian K. Coleman
Assistant United States Attorney
167 N. Main Street – Suite 800
Memphis, Tennessee 38103
(New York Bar No. 4051017)

Mi Yung Claire Park
Trial Attorney
U.S. Department of Justice –Criminal Division
Child Exploitation & Obscenity Section
1400 New York Ave., N.W. – Suite 600
Washington, DC 20005
(Cal Bar No. 292372)

Michael Scholl
Defense Counsel

LARON MATLOCK
Defendant

10/30/2014
Date

10/30/2014
Date

10-30-14
Date

10-30-14
Date

Page 5 of 5