# UNITED STATES DISTRICT COURT
Western District of Tennessee

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| LARON MATLOCK | ) | Case Number: 2:12CR20213-01-JPM |
| | ) | USM Number: 25407-076 |
| | ) | Michael Scholl, Appointed. |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  2, and agreeing to the Criminal Forfeiture of property listed in the 3rd Superseding Indictment.

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count(s)** |
|---|---|---|---|
| 18 U.S.C. § 1591(a) & (b)(2), 1594(a) and 2 | Sex Trafficking and Attempted Sex Trafficking, Aiding and Abetting. | 8/1/2012 | 2 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   Remaining Counts   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/12/2015
Date of Imposition of Judgment

s/Jon Phipps McCalla
Signature of Judge

Jon Phipps McCalla         Chief U.S. District Judge
Name and Title of Judge

2/13/2015
Date

DEFENDANT: LARON MATLOCK
CASE NUMBER: 2:12CR20213-01-JPM

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| | | | |

DEFENDANT: LARON MATLOCK
CASE NUMBER: 2:12CR20213-01-JPM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

15 years, 180 MONTHS: This sentence is to run concurrent to the undischarged term of imprisonment in Docket No. 09-02233.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant serve his sentence at FCI Forrest City, AR or FCI Yazoo City, MS.
The defendant be allowed to participate in Residential Drug Abuse Program (RDAP) as directed by the Probation Officer.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

DEFENDANT: LARON MATLOCK
CASE NUMBER: 2:12CR20213-01-JPM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
5) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
6) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;
7) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, and shall submit to periodic urinalysis test as directed by the probation officer to determine the use of any controlled substance;
8) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
9) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
10) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
11) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
12) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
13) if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

DEFENDANT:    LARON MATLOCK
CASE NUMBER:  2:12CR20213-01-JPM

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall participate in Moral Reconation Therapy (MRT) as directed by the Probation Officer

2. The defendant shall participate in remote monitoring as directed by the Probation Officer.

3. The defendant shall participate in vocational training.

4. The defendant shall get his GED.

5. The defendant's employment and change of address shall be approved by the Probation Officer.

6. The defendant shall not possess any pornography.

7. The defendant shall abide by an evening curfew as set by the Probation Officer.

8. The defendant shall not possess or use a computer with access to any "on-line service" or other forms of wireless communication at any location (including employment) without the prior approval of the Probation Officer. This includes any Internet Service Provider, bulletin board system or any other public or private network or email system.

9. The defendant shall cooperate with DNA collection as directed by the Probation Officer.

10. The defendant shall submit to mental health/sex offender treatment programs as directed by the Probation Officer.

11. The defendant shall complete and comply with sex offender registration requirements and shall follow the specific instructions of the Probation Officer in regard to those requirements.

12. The defendant shall not directly or indirectly have any contact with any children under the age of 18 unless biological children or related.; shall not reside with any child under the age of 18 unless biological children or related.

13. The defendant shall not use sexually-oriented telephone numbers or computer services.

DEFENDANT: LARON MATLOCK
CASE NUMBER: 2:12CR20213-01-JPM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Address** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTALS** | | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LARON MATLOCK
CASE NUMBER: 2:12CR20213-01-JPM

# ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit to the United States any and all right, title and interest in the following property:

a. any visual depiction described in section 2252 of Title 18 United States Code, and any book, magazine, periodical, film, videotape and other matter which contains any such visual depictions, which was produced, transported, mailed, shipped or received in violation of the above statute;

b. any property, real or personal, constituting or traceable to gross profits of other proceeds obtained from the above said offenses; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of the said offenses, including but not limited to the following:

- Two (2) Computers.
- Vanilla Pre-Paid Visa Cards.
- U.S. Currency.
- Two (2) GPS Devices.
- Cell Phones.
- Clothing apparel and accessories.

All pursuant to Title 18 United States Code, Section 2253.